UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            11-CR-6130L

                    v.

MOHAMAD NAZIR AHMAD,

                              Defendant.

_____

       Defendant Mohamad Nazir Ahmad ("Ahmad") has been charged in two counts with child

pornography offenses.  This Court referred all pretrial matters and motions to United States

Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

       Ahmad did file several pretrial motions, including motions for a bill of particulars, to dismiss

the indictment, to suppress statements made at the time of his arrest and to suppress physical

evidence seized pursuant to two federal search warrants.

       Magistrate Judge Payson received memoranda on the issues and conducted suppression

hearings.  Thereafter, in a Report and Recommendation/Decision and Order (Dkt. #70), Magistrate

Judge Payson denied the motion for a bill of particulars and recommended that this Court grant in

part and deny in part Ahmad's motion to suppress statements.  The Magistrate Judge also

recommended that this Court deny Ahmad's motion to dismiss the indictment and to suppress

physical evidence seized pursuant to search warrants.

       Ahmad filed objections to the Report and Recommendation (Dkt. #75).  The only portion of

the Magistrate Judge's Report and Recommendation/Decision and Order objected to by Ahmad is

the recommendation that this Court deny the motion to suppress physical evidence seized pursuant

to the search warrants.  Ahmad did not file objections to any other part of the Magistrate Judge's Report and Recommendation/Decision and Order.

There are two search warrants at issue: one on June 24, 2011 of a Samsung camera and memory card and another on August 25, 2011 of certain digital and electronic evidence that had previously been seized by Brighton, New York Police officers at the time of defendant's arrest.

**JUNE 24, 2011 SEARCH WARRANT:**

According to the testimony at the suppression hearing, FBI Special Agent Barry Couch ("Couch"), submitted an affidavit in support of the warrant to a Federal United States Magistrate Judge.  Couch relayed information received from a Brighton Police officer and relatives of the 13 year old female victim concerning Ahmad's alleged sexual activities with her.  Two witnesses advised that they had seen the videos containing sexual activity and recognized both Ahmad and the female victim.  In addition, the affidavit recited that the victim had told New York State Police officers that Ahmad had engaged in sexual intercourse with her on several prior occasions.

Witnesses had identified the Samsung camera as the camera that contained the explicit videos and that the lay witnesses had downloaded those images onto a computer and had allowed officers, including Agent Couch, to view the videos.  Based on that information, the warrant was issued.

Apparently, the items at issue, the Samsung camera and memory card had been seized by Brighton Police officers pursuant to a previously issued State Court warrant authorizing search of an apartment.  That warrant, however, did not authorize the seizure of either the camera or memory card because they were not located in the apartment at the time of the search.  Based on that, a State Court Judge suppressed the evidence in the State Court criminal prosecution.  Ahmad contends here that those items should be suppressed in this federal prosecution as fruits of an impermissible search by state authorities.

At argument before Magistrate Judge Payson, the Government conceded that the State Court warrant did not authorize search of the items at issue.

Magistrate Judge Payson, nevertheless, concluded that the evidence should not be suppressed. In her thorough Report and Recommendation, Magistrate Judge Payson discussed whether the mere inclusion of some tainted evidence in an affidavit for the federal warrant requires the automatic exclusion of evidence seized pursuant to that warrant.

The Magistrate Judge found, and I agree, that a reviewing court should remove or excise the so-called tainted evidence and determine whether the remaining evidence, which was supplied to support the warrant, provides probable cause. The Magistrate Judge found, and I agree, that removing from the warrant affidavit allegations regarding Agent Couch's review of the forensic reports obtained by state authorities does not defeat probable cause. As set forth in Magistrate Judge Payson's Report and Recommendation, there was ample other evidence set forth to justify issuance of the federal warrant. Several lay witnesses, relatives of the victim, described what had occurred with the female victim and described their observations of the video images. In addition, the victim herself admitted and described the sexual conduct with Ahmad. The other information set forth together with this information provided ample probable cause to issue the search warrant.

I believe the Magistrate Judge carefully analyzed the facts and the relevant law concerning reviewing search warrant applications with so-called tainted evidence. The untainted evidence was strong and compelling, and I believe supported the finding of probable cause to seize the items in question. I have reviewed the objections filed by Ahmad and see no reason to reject or modify the Magistrate Judge's findings on this matter.

**AUGUST 25, 2011 WARRANT:**

The challenge to the evidence seized pursuant to this warrant is that it was executed four days past the expiration date contained on the warrant. In his objections, Ahmad does not specify with any particularity why he believes the Magistrate Judge erred but simply relies on his motion papers submitted to the Magistrate Judge.

The Magistrate Judge determined that simply because the warrant was executed beyond its expiration date did not mandate suppression and invalidate the warrant. As the Magistrate Judge noted from her review of the cases, courts have declined to order suppression of evidence obtained pursuant to warrants executed beyond their expiration date as long as probable cause still existed at the time the warrant was actually executed. Magistrate Judge Payson found that probable cause to seize the items had not lapsed. These items were not at Ahmad's residence but were located in the custody of the Brighton Police Department and, furthermore, the Magistrate Judge found that Agent Couch did not intentionally disregard the expiration date but believed that he had more time, consistent with his understanding of state law, to execute the warrant. I agree with the Magistrate Judge that Agent Couch's conduct was not such as to warrant resort to the exclusionary rule. I find that probable cause continued to exist when the warrant was executed and that Ahmad has demonstrated no unfair prejudice by its late execution.

CONCLUSION

I accept and adopt in all respects the Report and Recommendation/Decision and Order of United States Magistrate Judge Marian W. Payson (Dkt. #70). There being no appeal from the Magistrate Judge's Decision and Order denying a bill of particulars, I affirm the Magistrate Judge's Decision and Order concerning that matter.

Defendant's motion to dismiss the indictment, and to suppress physical evidence seized pursuant to federal search warrants on June 24, 2011 and August 25, 2011 are denied.

Since there is no appeal from the Magistrate Judge's Report and Recommendation concerning statements made by defendant on June 6, 2011, I accept the Magistrate Judge's recommendation and deny the motion to suppress statements made by Ahmad to Officer Scott Corey outside of Corey's patrol car; I suppress, though, statements made by Ahmad to Corey while seated inside the locked patrol car on the day of the arrest. In addition, I deny defendant Ahmad's motion

to suppress statements that he made to Investigator Gary Ciulla while in custody at the Brighton

Police Department.

      IT IS SO ORDERED.

                                    _____
                                       DAVID G. LARIMER
                                     United States District Judge

Dated: Rochester, New York
       July 24, 2012.